HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCIANO MENDEZ-MAYA,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | Case No. C09-5396RBL<br>　　　　　CR07-5260RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion pursuant to 28 U.S.C. § 2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. BACKGROUND

On April 18, 2007, the defendant was charged by Indictment with one count of conspiracy to distribute cocaine, methamphetamine, and heroin; one count of possession of heroin with intent to distribute; and one count of possession of cocaine with intent to distribute. Based on the charges in the Indictment, the defendant faced a statutory mandatory minimum term of imprisonment of ten years, and a maximum sentence of life.

After a settlement conference with the Honorable Karen L. Strombom, United States Magistrate Judge, and pursuant to a written plea agreement, the defendant entered a guilty plea to count 2 of the

ORDER
Page - 1

Indictment charging him with possession of heroin with intent to distribute. This charge carried a statutory mandatory minimum term of imprisonment of ten years.

In the plea agreement, the defendant admitted that he possessed with the intent to distribute 1,015.3 net grams of a mixture and substance containing heroin. He also admitted, for relevant conduct purposes, that he possessed with the intent to distribute 391.6 net grams of a mixture and substance containing cocaine. As part of the plea agreement, the parties agreed that the base offense level based on the amount of drugs was 32 (U.S.S.G. § 2D1.1(c)(4)), and the government further agreed not to argue for a two level weapons enhancement (U.S.S.G. § 2D1.1(b)(1)). The government further agreed to recommend 2 levels off for acceptance of responsibility (U.S.S.G. § 3E1.1(a)), and agreed to recommend to the Court that the defendant be sentenced to the statutory mandatory minimum ten years imprisonment.

The plea agreement contained a waiver of appeal.

At sentencing, despite the Probation Officer's calculation of the guidelines in the Presentence Report which added a two level weapon enhancement and recommended a sentence of 151 months, the Court sentenced the defendant to ten years, the mandatory minimum sentence allowed by law. The defendant did not appeal his sentence and because he requested an extension of time to file this § 2255 motion, the Court will deem it to have been timely filed.

Defendant alleges that his appointed defense counsel provided him with ineffective assistance of counsel. He alleges that counsel "never . . . took the time to attempt to [establish] an Attorney/Client relationship with the [defendant]" and thus violated his due process rights. He further alleges that his guidelines were miscalculated, and presumably, his counsel was ineffective by failing to challenge the calculation.[1] Finally, although not stated as a separate ground for relief, the defendant appears to claim that counsel failed to file a Notice of Appeal even though the defendant alleges he requested counsel do so.

## II. DISCUSSION

The defendant's claim that his conviction and sentence must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in

---

[1] This allegation is set forth as two separate grounds for relief and is couched as both a challenge to the guidelines calculation and as an assertion of error by the Probation Officer.

*Strickland v. Washington*, 466 U.S. 668 (1984).  To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that: (1) his counsel's performance was inadequate, AND (2) that counsel's inadequate performance prejudiced the defendant.  In order to demonstrate inadequate performance, the defendant must show that "counsel's representation fell below an objective standard of reasonableness."  *Id*., at 688.  This Court's "scrutiny of counsel's performance must be highly deferential[]" and the Court "must indulge a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*., at 689.  In the context of a counseled plea of guilty, *Strickland's* second prong of "prejudice" is satisfied only if the defendant can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The defendant's first claim that his attorney failed to establish an attorney/client relationship is without merit.  The Sixth Amendment does not guarantee a meaningful attorney/client relationship. *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983).  What the Sixth Amendment does guarantee is the effective assistance of counsel.  Here, the record reflects that defendant's counsel performed adequately.  Counsel (with the assistance of the settlement judge) negotiated a plea that was highly beneficial to the defendant. Because of the amount of drugs that were involved in the conspiracy the defendant was part of, and because of the defendant's prior felony drug conviction, the defendant faced a much higher sentence - - including a twenty year mandatory minimum sentence, if he had proceeded to trial.

The defendant's second and third claims are also without merit.  In the plea agreement, defendant admitted he possessed with the intent to deliver 1,015.3 net grams of a mixture and substance containing heroin and further agreed that the 391.6 net grams of cocaine found in his apartment was relevant for guidelines calculation purposes.  Under 18 U.S.C. § 841(b)(1)(A), the statute he pled guilty to violating, possession with intent to distribute more than one kilogram (1000 grams) of heroin results in a ten year mandatory minimum term of imprisonment.  Furthermore, that amount of heroin equates to a base offense level of 32 under the guidelines. (U.S.S.G. § 2D1.1(c)(4).  The Court accepted this base offense level, did not increase it for possession of a weapon, and reduced it by two levels for acceptance of responsibility. The Court's Guidelines calculation resulted in a total offense level of 30, criminal history category III, with a range of 121-151 months.  The Court sentenced the defendant to the mandatory minimum sentence

1  of ten years (120 months).

2  Based on the amount of drugs defendant pled guilty to possessing and excluding the weapon, the
3  Court's guideline calculation was correct.  That the Probation Officer's initial calculation differed is not
4  relevant - - it is the Court's ultimate calculation that controls.

5  Finally, to the extent the defendant alleges that his attorney failed to file a Notice of Appeal, the
6  record reflects that defendant's plea agreement contained a waiver of the right to appeal.  Based on this
7  clear and unambiguous waiver, the Court of Appeals would not consider defendant's direct appeal.  *See*
8  *United States v. Anglin*, 215 F.3d 1064, 1066-67 (9th Cir. 2000) (appeal dismissed based on binding
9  waiver of right to appeal).  Because defendant's appeal would not be considered by the Court of Appeals,
10 he suffered no prejudice.

11 Defendant's Motion pursuant to 28 U.S.C. § 2255 is **DENIED.**

12 The Court declines to issue a certificate of appealability because the defendant has not made "a
13 substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

14 **IT IS SO ORDERED.**

15 The Clerk shall send uncertified copies of this order to all counsel of record, and to any party
16 appearing pro se.

17 Dated this 7th day of April, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 4